UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP 1 1 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| LEVAR SIMMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 08-1362 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, a prisoner in federal custody, has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis*, but will dismiss the complaint for lack of subject matter jurisdiction.

Plaintiff was sentenced in this court in July this year. Now he has filed what he characterizes as a civil complaint. The complaint, citing extensively to the trial transcript, alleges that his trial was infected with bias and prejudice, including biased jurors, a biased judge, vindictive prosecutors and ineffective assistance of counsel. (Compl. at 4.) The complaint does not expressly identify any relief plaintiff is seeking, and does not state the nature of the claim being made, if any. Based on the content of the complaint, this appears to be a challenge to his recent federal conviction and sentence.

A motion under 28 U.S.C. § 2255(a) is the proper and exclusive vehicle by which a prisoner in federal custody under sentence imposed by a federal court may appeal that conviction and sentence. *See* 28 U.S.C. § 2255(a); *Taylor v. United States Board of Parole*, 194 F.2d 882,

883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service*, 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing).  Because plaintiff has already filed a § 2255(a) motion, *see* Civil Action No. 08-1248 pending in this court, this complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

      A separate order accompanies this memorandum opinion.

Date: 8/31/08

United States District Judge